Birchard, C. J.
The plaintiff was indicted for the crime of bigamy, tried, and convicted at the late March term of the court; of common pleas for the county of Cuyahoga. On the trial the prosecutor offered to prove the first marriage, which was solemnized at Detroit, in the State of Michigan, by proving, among other circumstances, the admissions of the defendant made while living with the first wife. This testimony was objected to; the objection was overruled, and a bill of'exceptions taken. The first assignment of error presents the question : Did the court err in permitting this evidence of the plaintiff’s confession to be given to the jury to prove the marriage ?
Upon the propriety of admitting such evidence, the authorities are conflicting, as will be seen by a reference to the cases cited by counsel. It is said on behalf of plaintiff that the ruling of the court was in conflict with the well-established rule requiring the best evidence to be produced of which the nature of the case admits, and that, by the law of the State of Michigan, records are required to be kept of all *marriagos, and that the prosecutor should have been required to produce the record. Upon this theory, it would follow that the marriage could not be *149 proved by a person present at the ceremony ; and yet such proof is always admissible.
Indeed, reasoning upon principle, it would be difficult to assign a reason against the competency of evidence of confession in this case, which would not be equally valid against the proof of any confession, or against receiving a plea of guilty to the indictment. It is true that confessions of marriage may be made by persons living in a state of fornication, with a view to secure the offenders from public censure, and thus make a case unlike the ordinary cases of confession against one’s interest. This, in our opinion, furnishes no reason for rejecting the evidence as incompetent. It shows rather that the confession thus made should not be relied on and held by the jury, when unsupported, sufficient to work a conviction. In such a case, and indeed in all cases where the confession of a party is given in evidence, its force must depend upon the circumstances under which it is made; and of these circumstances the jury, under the advice of the court, are the proper judges. It is rather a question of credibility than competency of the confession, and, like all confessions, to be considered of much or little weight according to the attending circumstances; and these may be such as render it very conclusive of the fact, or as tend very little to sustaining it.
Were courts to reject proof of confession when the time, manner, and circumstances under which it was made, were such as tended to weaken or destroy its force, they would be substituting, in fact, their own judgment for that of the jury, and would make it their business to weigh and estimate the value of evidence to the exclusion of those who, by the law, are the legitimate tribunal for that purpose.
The error next assigned is, that the verdict was rendered against the plaintiff, when, by the law of the land, it should have been rendered in his favor.
The plaintiff can take nothing by this assignment. If it *were well founded, the plaintiff should have moved for a new trial, and failing in that, should then have taken a bill of exceptions presenting the entire evidence in the case.
Judgment affirmed.